## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DISTRICT

NFM, INC.,                          :
                                    :
     Plaintiff,                    :
                                    :
vs.                                 :   CASE NO. 1:23-cv-00823 LKG
                                    :
JUSTIN BOLDEN and                   :
STEPHEN LEVITT,                     :
                                    :
     Defendants.                   :

## ANSWER TO COMPLAINT

NOW COME Defendants Justin Bolden ("Bolden") and Stephen Levitt ("Levitt") (collectively, "Defendants"), by and through their undersigned counsel, and for their Answer to Plaintiff's Complaint for Restraining Order, Preliminary and Permanent Injunctive Relief, and Damages ("Plaintiff"), hereby state as follows:

## NATURE OF THE ACTION

1.      Paragraph 1 of Plaintiff's Complaint constitutes a legal conclusion, and therefore Defendants make no response. To the extent Paragraph 1 is construed as allegations against Defendants, these allegations are denied.

2.      Defendants admit the allegations in Paragraph 2 of Plaintiff's Complaint.

3.      Defendants admit the allegations in Paragraph 3 of Plaintiff's Complaint.

4.      Defendants admit that on or about March 7, 2022, Bolden executed a Code of Conduct Agreement, and states that the document speaks for itself. To the extent Paragraph 4 of Plaintiff's Complaint is construed as allegations against Defendants, these allegations are denied.

5.     Defendants state that the document mentioned in Paragraph 5 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 5 of Plaintiff's Complaint is construed as allegations against Defendants, these allegations are denied.

6.     Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint, but deny the conduct was prohibited by the 2022 Conduct Agreement and the 2022 Salesperson Agreement.

7.     Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.     Defendants admit the role Bolden is serving at UMortgage is similar, but denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.     Defendants admit that on or about February 24, 2022, Levitt executed a Code of Conduct, and states that the document speaks for itself. To the extent Paragraph 9 of Plaintiff's Complaint is construed as allegations against Defendants, these allegations are denied.

10.     Defendants state that the document mentioned in Paragraph 10 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 10 of Plaintiff's Complaint is construed as allegations against Defendants, these allegations are denied.

11.     Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Complaint, but deny the conduct was prohibited by Levitt's 2022 Conduct Agreement and Levitt's 2022 Salesperson Agreement.

12.     Defendants admit the role Levitt is serving at UMortgage is similar, but denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Paragraph 13 of Plaintiff's Complaint constitutes a legal conclusion, and therefore Defendants make no response. To the extent Paragraph 13 is construed as allegations against Defendants, these allegations are denied.

## PARTIES, JURISDICTION, AND VENUE

14.      Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's Complaint and, therefore, deny the same.

15.      Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.      Defendants admit the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.      Paragraph 17 of Plaintiff's Complaint constitutes a legal conclusion, and therefore Defendants make no response. To the extent Paragraph 17 is construed as allegations against Defendants, these allegations are denied.

18.      Defendants state that the document mentioned in Paragraph 18 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 18 of Plaintiff's Complaint is construed as allegations against Defendants, these allegations are denied.

19.      Defendants state that the document mentioned in Paragraph 19 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 19 of Plaintiff's Complaint is construed as allegations against Defendants, these allegations are denied.

20.      Defendants state that the documents mentioned in Paragraph 20 of Plaintiff's Complaint speak for themselves. To the extent Paragraph 20 of Plaintiff's Complaint is construed as allegations against Defendants, these allegations are denied.

21.      Paragraph 21 of Plaintiff's Complaint constitutes a legal conclusion, and therefore Defendants make no response. To the extent Paragraph 21 is construed as allegations against Defendants, these allegations are denied.

## FACTUAL BACKGROUND

I.    **Bolden**

    A.    **2021 Agreements**

22.    Defendants admit the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.    Defendants state that the document(s) mentioned in Paragraph 23 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 23 is construed as allegations against Defendants, these allegations are denied.

24.    Defendants admit that Bolden accepted and signed NFM'S Offer Letter in July 2021, but deny the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.    Defendants state that the document(s) mentioned in Paragraph 25 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 25 is construed as allegations against Defendants, these allegations are denied.

26.    Defendants state that the document(s) mentioned in Paragraph 26 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 26 is construed as allegations against Defendants, these allegations are denied.

27.    Defendants state that the document(s) mentioned in Paragraph 27 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 27 is construed as allegations against Defendants, these allegations are denied.

28.    Defendants state that the document(s) mentioned in Paragraph 28 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 28 is construed as allegations against Defendants, these allegations are denied.

29.     Defendants state that the document(s) mentioned in Paragraph 29 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 29 is construed as allegations against Defendants, these allegations are denied.

30.     Defendants state that the document(s) mentioned in Paragraph 30 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 30 is construed as allegations against Defendants, these allegations are denied.

31.     Defendants state that the document(s) mentioned in Paragraph 31 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 31 is construed as allegations against Defendants, these allegations are denied.

32.     Defendants state that the document(s) mentioned in Paragraph 32 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 32 is construed as allegations against Defendants, these allegations are denied.

33.     Defendants state that the document(s) mentioned in Paragraph 33 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 33 is construed as allegations against Defendants, these allegations are denied.

34.     Defendants state that the document(s) mentioned in Paragraph 34 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 34 is construed as allegations against Defendants, these allegations are denied.

35.     Defendants state that the document(s) mentioned in Paragraph 35 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 35 is construed as allegations against Defendants, these allegations are denied.

36.     Defendants state that the document(s) mentioned in Paragraph 36 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 36 is construed as allegations against Defendants, these allegations are denied.

**B.     2022 Agreements**

37.     Defendants state that the document(s) mentioned in Paragraph 37 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 37 is construed as allegations against Defendants, these allegations are denied.

38.     Defendants state that the document(s) mentioned in Paragraph 38 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 38 is construed as allegations against Defendants, these allegations are denied.

39.     Defendants state that the document(s) mentioned in Paragraph 39 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 39 is construed as allegations against Defendants, these allegations are denied.

40.     Defendants state that the document(s) mentioned in Paragraph 40 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 40 is construed as allegations against Defendants, these allegations are denied.

41.     Defendants state that the document(s) mentioned in Paragraph 41 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 41 is construed as allegations against Defendants, these allegations are denied.

42.     Defendants state that the document(s) mentioned in Paragraph 42 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 42 is construed as allegations against Defendants, these allegations are denied.

43.     Defendants state that the document(s) mentioned in Paragraph 43 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 43 is construed as allegations against Defendants, these allegations are denied.

44.     Defendants state that the document(s) mentioned in Paragraph 44 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 44 is construed as allegations against Defendants, these allegations are denied.

45.     Defendants state that the document(s) mentioned in Paragraph 45 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 45 is construed as allegations against Defendants, these allegations are denied.

46.     Defendants state that the document(s) mentioned in Paragraph 46 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 46 is construed as allegations against Defendants, these allegations are denied.

47.     Defendants state that the document(s) mentioned in Paragraph 47 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 47 is construed as allegations against Defendants, these allegations are denied.

48.     Defendants state that the document(s) mentioned in Paragraph 48 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 48 is construed as allegations against Defendants, these allegations are denied.

49.     Defendants state that the document(s) mentioned in Paragraph 49 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 49 is construed as allegations against Defendants, these allegations are denied.

50.      Defendants state that the document(s) mentioned in Paragraph 50 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 50 is construed as allegations against Defendants, these allegations are denied.

51.      Defendants state that the document(s) mentioned in Paragraph 51 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 51 is construed as allegations against Defendants, these allegations are denied.

52.      Defendants state that the document(s) mentioned in Paragraph 52 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 52 is construed as allegations against Defendants, these allegations are denied.

53.      Defendants state that the document(s) mentioned in Paragraph 53 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 53 is construed as allegations against Defendants, these allegations are denied.

54.      Defendants state that the document(s) mentioned in Paragraph 54 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 54 is construed as allegations against Defendants, these allegations are denied.

55.      Defendants state that no allegations were made against Defendants in Paragraph 55 of Plaintiff's Complaint.

**C.      Bolden's Training and Access to Information**

56.      Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.      Defendants admit Bolden had access to NFM's pipeline of consumer and realtor contacts for the entire Kettering, Ohio location, but deny publicly listed realtors and consumers are proprietary in nature. Defendants deny the remaining allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     Defendants admit Bolden had access to NFM's corporate pricing engine for interest rates and social media advertising, but deny they were proprietary in nature. Defendants deny the remaining allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     Defendants admit the allegations contained in Paragraph 59 of Plaintiff's Complaint.

**D.     Bolden Violates his 2022 Agreements**

60.     Defendants admit the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     Defendants state that the document(s) mentioned in Paragraph 61 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 61 is construed as allegations against Defendants, these allegations are denied.

62.     Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     Defendants state that the document(s) mentioned in Paragraph 63 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 63 is construed as allegations against Defendants, these allegations are denied.

64.     Defendants state that the document(s) mentioned in Paragraph 64 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 64 is construed as allegations against Defendants, these allegations are denied.

65.     Defendants admit the allegations contained in Paragraph 65 of Plaintiff's Complaint, but deny Bolden was under any obligation to do so. Defendants deny the remaining allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.     Defendants admit that Bolden forwarded client information he generated to himself with the client's consent. Defendants deny the remaining allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.    Defendants state that the document(s) mentioned in Paragraph 67 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 67 is construed as allegations against Defendants, these allegations are denied.

68.    Defendants state that the document(s) mentioned in Paragraph 68 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 68 is construed as allegations against Defendants, these allegations are denied.

69.    Defendants admit the allegations contained in Paragraph 69 of Plaintiff's Complaint, but deny Bolden was under any obligation to do so. Defendants deny the remaining allegations contained in Paragraph 69 of Plaintiff's Complaint.

**II.    Levitt**

**A.    2021 Agreements**

70.    Defendants admit the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.    Defendants state that the document(s) mentioned in Paragraph 71 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 71 is construed as allegations against Defendants, these allegations are denied.

72.    Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.    Defendants state that the document(s) mentioned in Paragraph 73 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 73 is construed as allegations against Defendants, these allegations are denied.

74.    Defendants state that the document(s) mentioned in Paragraph 74 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 74 is construed as allegations against Defendants, these allegations are denied.

75.     Defendants state that the document(s) mentioned in Paragraph 75 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 75 is construed as allegations against Defendants, these allegations are denied.

76.     Defendants state that the document(s) mentioned in Paragraph 76 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 76 is construed as allegations against Defendants, these allegations are denied.

77.     Defendants state that the document(s) mentioned in Paragraph 77 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 77 is construed as allegations against Defendants, these allegations are denied.

78.     Defendants state that the document(s) mentioned in Paragraph 78 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 78 is construed as allegations against Defendants, these allegations are denied.

79.     Defendants state that the document(s) mentioned in Paragraph 79 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 79 is construed as allegations against Defendants, these allegations are denied.

80.     Defendants state that the document(s) mentioned in Paragraph 80 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 80 is construed as allegations against Defendants, these allegations are denied.

81.     Defendants state that the document(s) mentioned in Paragraph 81 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 81 is construed as allegations against Defendants, these allegations are denied.

82.     Defendants state that the document(s) mentioned in Paragraph 82 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 82 is construed as allegations against Defendants, these allegations are denied.

83.     Defendants state that the document(s) mentioned in Paragraph 83 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 83 is construed as allegations against Defendants, these allegations are denied.

84.     Defendants state that the document(s) mentioned in Paragraph 84 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 84 is construed as allegations against Defendants, these allegations are denied.

**B.      2022 Agreements**

85.     Defendants state that the document(s) mentioned in Paragraph 85 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 85 is construed as allegations against Defendants, these allegations are denied.

86.     Defendants state that the document(s) mentioned in Paragraph 86 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 86 is construed as allegations against Defendants, these allegations are denied.

87.     Defendants state that the document(s) mentioned in Paragraph 87 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 87 is construed as allegations against Defendants, these allegations are denied.

88.     Defendants state that the document(s) mentioned in Paragraph 88 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 88 is construed as allegations against Defendants, these allegations are denied.

89.     Defendants state that the document(s) mentioned in Paragraph 89 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 89 is construed as allegations against Defendants, these allegations are denied.

90.     Defendants state that the document(s) mentioned in Paragraph 90 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 90 is construed as allegations against Defendants, these allegations are denied.

91.     Defendants state that the document(s) mentioned in Paragraph 91 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 91 is construed as allegations against Defendants, these allegations are denied.

92.     Defendants state that the document(s) mentioned in Paragraph 92 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 92 is construed as allegations against Defendants, these allegations are denied.

93.     Defendants state that the document(s) mentioned in Paragraph 93 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 93 is construed as allegations against Defendants, these allegations are denied.

94.     Defendants state that the document(s) mentioned in Paragraph 94 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 94 is construed as allegations against Defendants, these allegations are denied.

95.     Defendants state that the document(s) mentioned in Paragraph 95 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 95 is construed as allegations against Defendants, these allegations are denied.

96.     Defendants state that the document(s) mentioned in Paragraph 96 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 96 is construed as allegations against Defendants, these allegations are denied.

97.     Defendants state that the document(s) mentioned in Paragraph 97 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 97 is construed as allegations against Defendants, these allegations are denied.

98.     Defendants state that the document(s) mentioned in Paragraph 98 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 98 is construed as allegations against Defendants, these allegations are denied.

99.     Defendants state that the document(s) mentioned in Paragraph 99 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 99 is construed as allegations against Defendants, these allegations are denied.

100.     Defendants state that the document(s) mentioned in Paragraph 100 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 100 is construed as allegations against Defendants, these allegations are denied.

101.     Defendants state that the document(s) mentioned in Paragraph 101 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 101 is construed as allegations against Defendants, these allegations are denied.

102.     Defendants state that the document(s) mentioned in Paragraph 102 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 102 is construed as allegations against Defendants, these allegations are denied.

103.     Defendants state that no allegations were made against Defendants in Paragraph 103 of Plaintiff's Complaint.

**C.      Levitt's Training and Access to Information**

104.    Defendants deny the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.    Defendants admit Levitt had access to the financial information of NFM's customers and NFM's pipeline of consumer and realtor contacts for the entire Kettering, Ohio location, but deny that publically-listed realtors and consumers were proprietary in nature. Defendants deny the remaining allegations contained in Paragraph 105 of Plaintiff's Complaint.

106.    Defendants admit Levitt had access to NFM's corporate pricing engine for interest rates and social media advertising, but deny they were proprietary in nature. Defendants deny the remaining allegations contained in Paragraph 106 of Plaintiff's Complaint.

107.    Defendants admit the allegations contained in Paragraph 107 of Plaintiff's Complaint.

**D.      Levitt Violates his 2022 Agreements**

108.    Defendants admit that Levitt resigned on February 2, 2023, but deny the remaining allegations contained in Paragraph 108 of Plaintiff's Complaint.

109.    Defendants state that the document(s) mentioned in Paragraph 109 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 109 is construed as allegations against Defendants, these allegations are denied.

110.    Defendants state that the document(s) mentioned in Paragraph 110 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 110 is construed as allegations against Defendants, these allegations are denied.

111.    Defendants state that the document(s) mentioned in Paragraph 111 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 111 is construed as allegations against Defendants, these allegations are denied.

112.    Defendants admit the allegations contained in Paragraph 112 of Plaintiff's Complaint, but deny Levitt was under any obligation to do so. Defendants deny the remaining allegations contained in Paragraph 112 of Plaintiff's Complaint.

113.    Defendants admit the allegations contained in Paragraph 113 of Plaintiff's Complaint, but deny these acts violated any of his restrictions. Defendants deny the remaining allegations contained in Paragraph 113 of Plaintiff's Complaint.

114.    Defendants state that the document(s) mentioned in Paragraph 114 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 114 is construed as allegations against Defendants, these allegations are denied.

115.    Defendants state that the document(s) mentioned in Paragraph 115 of Plaintiff's Complaint speak(s) for itself/themselves. To the extent Paragraph 115 is construed as allegations against Defendants, these allegations are denied.

116.    Defendants admit the allegations contained in Paragraph 116 of Plaintiff's Complaint, but deny Levitt was under any obligation to do so. Defendants deny the remaining allegations contained in Paragraph 116 of Plaintiff's Complaint.

117.    Defendants admit that Levitt took his self-generated client with the consent of the client. Defendants deny the remaining allegations contained in Paragraph 117 of Plaintiff's Complaint.

### FIRST CLAIM FOR RELIEF
### (Violation of the Defend Trade Secrets Act – 18 U.S.C. § 1836)

118.    Defendants incorporate, as if fully restated herein, the answers to Paragraphs 1 through 117 of Plaintiff's Complaint.

119.    Defendants deny the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.     Defendants deny the allegations contained in Paragraph 120 of Plaintiff's Complaint.

121.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 121 of Plaintiff's Complaint and, therefore, deny the same.

122.     Defendants deny the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 123 of Plaintiff's Complaint and, therefore, deny the same. Defendants also deny any trade secret status.

124.     Defendants state that the document(s) mentioned in Paragraph 124 of Plaintiff's Complaint speak(s) for itself/themselves, and deny any trade secret status. Defendants deny the remaining allegations contained in Paragraph 124 of Plaintiff's Complaint.

125.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 125 of Plaintiff's Complaint and, therefore, deny the same.

126.     Defendants admit access to NFM's information, but deny trade secret status. Defendants deny the remaining allegations contained in Paragraph 126 of Plaintiff's Complaint.

127.     Defendants admit the allegations contained in Paragraph 127 of Plaintiff's Complaint, but deny trade secret status. Defendants deny the remaining allegations contained in Paragraph 127 of Plaintiff's Complaint.

128.     Defendants deny the allegations contained in Paragraph 128 of Plaintiff's Complaint

129.     Defendants deny the allegations contained in Paragraph 129 of Plaintiff's Complaint.

130.     Defendants deny the allegations contained in Paragraph 130 of Plaintiff's Complaint.

131.     Paragraph 131 of Plaintiffs' Complaint constitutes a legal conclusion, and therefore Defendants make no response. To the extent Paragraph 131 is construed as allegations against Defendants, these allegations are denied.

**SECOND CLAIM FOR RELIEF**
**(Breach of Contract – 2022 Agreements – Ohio Law)**

132.     Defendants incorporate, as if fully restated herein, the answers to Paragraphs 1 through 131 of Plaintiff's Complaint.

133.     Defendants state that no allegations were made against Defendants in Paragraph 133 of Plaintiff's Complaint, and therefore deny same.

134.     Defendants admit the allegations contained in Paragraph 134 of Plaintiff's Complaint.

135.     Paragraph 135 of Plaintiffs' Complaint constitutes a legal conclusion, and therefore Defendants make no response. To the extent Paragraph 135 is construed as allegations against Defendants, these allegations are denied.

136.     Defendants deny the allegations contained in Paragraph 136 of Plaintiff's Complaint.

137.     Defendants deny the allegations contained in Paragraph 137 of Plaintiff's Complaint.

138.     Defendants deny the allegations contained in Paragraph 138 of Plaintiff's Complaint.

139.     Defendants deny the allegations contained in Paragraph 139 of Plaintiff's Complaint.

140.     Paragraph 140 of Plaintiffs' Complaint constitutes a legal conclusion, and therefore Defendants make no response. To the extent Paragraph 140 is construed as allegations against Defendants, these allegations are denied.

141.     Defendants deny the allegations contained in Paragraph 141 of Plaintiff's Complaint.

### THIRD CLAIM FOR RELIEF
### (Faithless Servant Doctrine – Against Levitt – Ohio Law)

142.     Defendants incorporate, as if fully restated herein, the answers to Paragraphs 1 through 142 of Plaintiff's Complaint.

143.     Defendants deny the allegations contained in Paragraph 143 of Plaintiff's Complaint.

144.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 144 of Plaintiff's Complaint and, therefore, deny the same.

145.     Defendants deny the allegations contained in Paragraph 145 of Plaintiff's Complaint.

146.     Defendants deny the allegations contained in Paragraph 146 of Plaintiff's Complaint.

147.     Defendants deny the allegations contained in Paragraph 147 of Plaintiff's Complaint.

### FOURTH CLAIM FOR RELIEF
### (Replevin – Ohio Law)

148.     Defendants incorporate, as if fully restated herein, the answers to Paragraphs 1 through 147 of Plaintiff's Complaint.

149.     Defendants deny the allegations contained in Paragraph 149 of Plaintiff's Complaint.

150.     Defendants deny the allegations contained in Paragraph 150 of Plaintiff's Complaint.

151.     Defendants deny the allegations contained in Paragraph 151 of Plaintiff's Complaint.

152.     Defendants deny the allegations contained in Paragraph 152 of Plaintiff's Complaint.

153.     Defendants deny the allegations contained in Paragraph 153 of Plaintiff's Complaint.

## FIFTH CLAIM FOR RELIEF
### (Conversion – Ohio Law)

154.     Defendants incorporate, as if fully restated herein, the answers to Paragraphs 1 through 153 of Plaintiff's Complaint.

155.     Defendants deny the allegations contained in Paragraph 155 of Plaintiff's Complaint.

156.     Defendants deny the allegations contained in Paragraph 156 of Plaintiff's Complaint.

157.     Defendants deny the allegations contained in Paragraph 157 of Plaintiff's Complaint.

158.     Defendants deny the allegations contained in Paragraph 158 of Plaintiff's Complaint.

## SIXTH CLAIM FOR RELIEF
### (Misappropriation of Trade Secrets – Ohio Law)

159.     Defendants incorporate, as if fully restated herein, the answers to Paragraphs 1 through 158 of Plaintiff's Complaint.

160.    Defendants deny the allegations contained in Paragraph 160 of Plaintiff's Complaint.

161.    Defendants deny the allegations contained in Paragraph 161 of Plaintiff's Complaint.

162.    Defendants deny the allegations contained in Paragraph 162 of Plaintiff's Complaint.

163.    Defendants admit they had access to NFM's information, but deny it was proprietary in nature and deny the remaining allegations contained in Paragraph 163 of Plaintiff's Complaint.

164.    Defendants deny the allegations contained in Paragraph 164 of Plaintiff's Complaint.

165.    Defendants deny the allegations contained in Paragraph 165 of Plaintiff's Complaint.

166.    Defendants deny the allegations contained in Paragraph 166 of Plaintiff's Complaint.

167.    Defendants deny the allegations contained in Paragraph 167 of Plaintiff's Complaint.

168.    Defendants deny the allegations contained in Paragraph 168 of Plaintiff's Complaint.

## SEVENTH CLAIM FOR RELIEF
### (Unfair Competition – Ohio Law)

169.    Defendants incorporate, as if fully restated herein, the answers to Paragraphs 1 through 169 of Plaintiff's Complaint.

170.    Defendants deny the allegations contained in Paragraph 170 of Plaintiff's Complaint.

171.    Defendants deny the allegations contained in Paragraph 171 of Plaintiff's Complaint.

**EIGHTH CLAIM FOR RELIEF**
**(Tortious Interference with a Business Relationship – Ohio Law)**

172.    Defendants incorporate, as if fully restated herein, the answers to Paragraphs 1 through 171 of Plaintiff's Complaint.

173.    Defendants deny the allegations contained in Paragraph 173 of Plaintiff's Complaint.

174.    Defendants deny the allegations contained in Paragraph 174 of Plaintiff's Complaint.

175.    Defendants deny the allegations contained in Paragraph 175 of Plaintiff's Complaint.

**NINTH CLAIM FOR RELIEF**
**(Tortious Interference with Contracts Under Ohio Law)**

176.    Defendants incorporate, as if fully restated herein, the answers to Paragraphs 1 through 175 of Plaintiff's Complaint.

177.    Defendants admit the allegations contained in Paragraph 177 of Plaintiff's Complaint.

178.    Defendants admit the allegations contained in Paragraph 178 of Plaintiff's Complaint.

179.    Defendants deny the allegations contained in Paragraph 179 of Plaintiff's Complaint.

180.     Defendants deny the allegations contained in Paragraph 180 of Plaintiff's Complaint.

### TENTH CLAIM FOR RELIEF
### (Unjust Enrichment – Ohio Law)

181.     Defendants incorporate, as if fully restated herein, the answers to Paragraphs 1 through 180 of Plaintiff's Complaint.

182.     Defendants deny the allegations contained in Paragraph 182 of Plaintiff's Complaint.

183.     Defendants deny the allegations contained in Paragraph 183 of Plaintiff's Complaint.

184.     Defendants deny the allegations contained in Paragraph 184 of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim for which relief may be granted.

2.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

3.     Plaintiff's claims are barred by the applicable statutes of limitation.

4.     Plaintiff's claims are barred by Plaintiff's bad faith and unclean hands.

5.     Plaintiff's claims are barred by having an adequate remedy at law.

6.     At all times Defendants acted in good faith.

7.     Plaintiff's claims are barred by Plaintiff's own misrepresentations of fact.

8.     Plaintiff's claims are barred or limited by Plaintiff's intentional conduct.

9.     Plaintiff's claims are barred or limited by its failure to mitigate damages.

10.     Any alleged breaches of contract by Defendants were immaterial and inconsequential to the purpose of the contract.

11.     Defendants deny all allegations in the Complaint that they have not expressly admitted to be true.

**WHEREFORE**, having fully set forth their Answer to Plaintiff NFM, Inc.'s Complaint, Defendants Justin Bolden and Stephen Levitt respectfully request that the Court order as follows:

A.     That the Complaint be dismissed with prejudice to re-filing;

B.     That Judgment be entered in favor of Defendants Justin Bolden and Stephen Levitt;

C.     That Defendants Justin Bolden and Stephen Levitt be awarded costs and attorneys' fees;

D.     That Defendants Justin Bolden and Stephen Levitt be awarded such other and further relief to which the Court deems they are entitled.

Respectfully submitted,

LAW OFFICES OF
JEFFREY D. GOLDSTEIN, LLC

Jeffrey D. Goldstein
By:     _____
Jeffrey D. Goldstein
Federal Bar No: 22845
9211 Corporate Boulevard
Suite 350
Rockville, Maryland 20850
Phone: (301) 838-7047
Email: jeff@rockvillelaw.com

Attorney for Defendants

ULMER & BERNE LLP

Jason A. Snyder

By: _____

Jason A. Snyder
1660 West 2nd Street
Suite 1100
Cleveland, Ohio 44113
Phone: (216) 583-7000
Email: jasnynder@ulmer.com

*(Not Admitted in this Court – Pro Hac Vice Motion to Follow)*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May 2023, the foregoing was e-filed and served upon all parties of record via the Court's CM/ECF filing system.

Jeffrey D. Goldstein
_____
Jeffrey D. Goldstein

Ulmer2020:201184510v1
48090.00000

25